UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOGESHKUMAR PATEL,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH T. CUCCINELLI, et al.,<br><br>Defendants.[1] | Case No. 3:17-cv-00860-JD<br><br>**ORDER RE MOTION TO DISMISS**<br><br>Re: Dkt. No. 35 |

Plaintiff Yogeshkumar Patel, a convicted sex offender, challenges the government's refusal under the Adam Walsh Child Protection and Safety Act of 2006 to grant his wife, a citizen of Japan, lawful permanent resident status. He sues individually and as next friend of his minor child, N.P. Dkt. No. 34. The Court dismissed Patel's original complaint. Dkt. No. 30. Patel filed an amended complaint in December 2017, Dkt. No. 31, and then a second amended complaint ("SAC") in response to *Gebhardt v. Nielsen*, 879 F.3d 980 (9th Cir. 2018), which rejected Ex Post Facto Clause, substantive due process and procedural due process challenges akin to the ones raised in this case.

The SAC alleges six claims for relief: (1) impermissible retroactivity (8 U.S.C. § 1154(a)(1)(A)(viii), U.S. Const. amend. V); (2) violation of the Ex Post Facto Clause (U.S. Const. art I, § 9, cl. 3); (3) violation of equal protection (U.S. Const. amend. V);[2] (4) violation of

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the Court substitutes Kenneth T. Cuccinelli, Acting Director, United States Citizenship and Immigration Services ("USCIS"), as defendant in this action.

[2] The SAC alleges a violation of the Fourteenth Amendment to the United States Constitution. Dkt. No. 34 ¶ 59. That provision is only applicable to state defendants, not the federal government. The Court construes this claim for relief as being made under the equal protection component of the Fifth Amendment's guarantee of due process. *See Bolling v. Sharpe*, 347 U.S. 497 (1954).

Patel's substantive due process rights (U.S. Const. amend. V); (5) violation of N.P.'s substantive due process rights (U.S. Const. amend. V); and (6) violation of Patel's procedural due process rights (U.S. Const. amend. V). Dkt. No. 34 ¶¶ 30-87.

USCIS has moved to dismiss the SAC under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. No. 35. The motion is granted. Counts One and Two are dismissed for failure to state a plausible claim. The remaining four claims are dismissed for lack of subject matter jurisdiction under Rule 12(b)(1).

## BACKGROUND

The prior dismissal order provides substantial background on the case. To recap, Patel pled guilty in 2004 to a sexual offense against a minor in violation of 18 U.S.C. § 2422(b), Using Facilities of Interstate Commerce to Induce a Minor to Engage in Illegal Activity. Dkt. No. 34-1, Ex. D at ECF p. 14. He interacted with a 13-year-old girl online and her father alerted the police. Law enforcement personnel posed as a 14-year-old girl and arrested Patel in a sting operation. *Id.*, Ex. F at ECF p. 27. He was sentenced to three years in prison followed by a three-year term of supervised release and was required to complete sex offender treatment. *Id.*, Ex. D at ECF pp. 15-17.

Two years after Patel's conviction, Congress passed, and the President signed, the Adam Walsh Child Protection and Safety Act of 2006 ("AWA"). Enacted to "protect the public from sex offenders and offenders against children," the AWA substantially reformed federal laws relating to sex offender registration. 34 U.S.C. § 20901. The AWA also amended the Immigration and Nationality Act ("INA"). 8 U.S.C. § 1154(a)(1)(A)(viii) (citizens); *id.* § 1154(a)(1)(B)(i) (lawful permanent residents ("LPRs")).

Under the INA, certain relatives, including spouses, are not subject to annual immigration limits, and others receive an immigration preference. *See id.* § 1151(b), (c). Citizens and LPRs are generally "entitled, as a matter of right," to the government's recognition of their relationships to alien family members. *Ching v. Mayorkas*, 725 F.3d 1149, 1155 (9th Cir. 2013) (citing 8 U.S.C. § 1154(b)). The AWA created an exception to these provisions. It prohibits citizens convicted of "a specified offense against a minor" from petitioning to classify an alien family

member as a family member "unless the Secretary of Homeland Security, in the Secretary's sole and unreviewable discretion, determines that the citizen poses no risk to the alien with respect to whom a petition" is filed. 8 U.S.C. § 1154(a)(1)(A)(viii)(I) (citizens); *see also id.* § 1154(a)(1)(B)(i) (LPRs). Specified offenses are sex offenses. *Id*. § 1154(a)(1)(A)(viii)(II); 34 U.S.C. § 20911.

The Secretary delegated discretionary review authority under the AWA to USCIS. USCIS issued memoranda to implement the no-risk determination required by the AWA. These guidelines require a petitioner convicted of a specified offense to prove "beyond any reasonable doubt that he or she poses no risk to the [alien family member] no matter how old the adult beneficiary may be." Dkt. No. 34 ¶ 22 (internal quotation and citations omitted).

In 2013, Patel married Maimi Murakami, who is a citizen of Japan and not the United States, and he filed an I-130 petition to have Murakami classified as his wife. *Id.* ¶¶ 20, 23, 28. While the petition was pending, Murakami gave birth to N.P., Patel's daughter and a U.S. citizen. *Id.* ¶ 23. In December 2016, USCIS denied his petition. *Id.* The agency concluded, "in its exercise of sole and unreviewable discretion, that [Patel has] failed to demonstrate that [he poses] no risk to the beneficiary." Dkt. No. 34-1, Ex. F at ECF p. 30.

Patel filed this lawsuit in 2017. Dkt. No. 1. He does not dispute that he has committed an AWA-covered offense. *See* Dkt. No. 34-1, Ex. G at ECF p. 39. The SAC alleges that application of the AWA violates Patel and his daughter's constitutional rights.

**DISCUSSION**

**I. LEGAL STANDARDS**

USCIS moves to dismiss the retroactivity and Ex Post Facto Clause claims under Federal Rule of Civil Procedure Rule 12(b)(6) for failure to state a claim. It moves to dismiss the equal protection and due process claims under Rule 12(b)(1) for lack of subject matter jurisdiction.

To meet the pleading requirements of Rule 8(a), a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), including "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads

3

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility analysis is "context-specific" and not only invites but "requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The Court generally looks just to the complaint on a motion to dismiss, but it may consider attached exhibits and documents incorporated by reference. *Jones v. Progressive Cas. Ins. Co.*, No. 16-cv-06941-JD, 2018 WL 4521919, at *2 (N.D. Cal. Sept. 19, 2018).

"A Rule 12(b)(1) jurisdictional attack may be facial or factual. In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citation omitted). This is a facial jurisdictional challenge -- there are no disputed facts, jurisdictional or otherwise. "In a facial jurisdictional challenge, the Court takes all factual allegations in the complaint as true and draws all reasonable inferences in plaintiffs' favor." *Patel v. Facebook Inc.*, 290 F. Supp. 3d 948, 951 (N.D. Cal. 2018) (citing *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013)).

## II. THE RETROACTIVITY AND EX POST FACTO CLAUSE CLAIMS

Patel's first claim challenges the application of the AWA as impermissibly retroactive. Dkt. No. 34 ¶¶ 30-46. The second claim contends that denial of his visa petition violated the Ex Post Facto Clause. *Id.* ¶¶ 47-57.

The Court determined that the AWA was not impermissibly retroactive as applied to Patel in its previous order. To reiterate, the AWA is not retroactive because it addresses "'dangers that arise postenactment,' namely the risk of harm to alien relatives." Dkt. No. 30 at 6 (quoting *Vartelas v. Holder*, 566 U.S. 257, 271 n.7 (2012)).

This conclusion stands because *Vartelas* remains controlling authority and Patel has not adduced any good reason to reach a different outcome the second time around. His effort to take on the holdings in *Vartelas* and *INS v. St. Cyr*, 533 U.S. 289 (2001), again is misdirected. Patel's argument is in effect an improper request for reconsideration that does not raise any new facts or

4

law. Civil L.R. 7-9. In addition, his reading of these cases is doubtful. Both held that certain immigration provisions could not be applied because they "attached a 'new disability' to the guilty plea and Congress had not instructed such a result." *Vartelas*, 566 U.S. at 269 (quoting *St. Cyr*, 533 U.S. at 321). *Vartelas* went on to expressly distinguish these statutes from a law that prohibited individuals convicted of sex crimes from working with minors. That law, in the Supreme Court's view, would not be retroactive because it addressed "dangers that arise postenactment." *Vartelas*, 566 U.S. at 271 n.7.

So too, here. Our circuit held as much in *United States v. Elk Shoulder*, 738 F.3d 948 (9th Cir. 2013), which cited *Vartelas* to conclude that a provision of the AWA relating to sex offender registration requirements was not impermissibly retroactive. The "Supreme Court has explained that statutes imposing requirements on previously convicted individuals in order to address 'dangers that arise postenactment' are not retroactive." *Elk Shoulder*, 738 F.3d at 957-58 (quoting *Vartelas*, 566 U.S. at 271 n.7); *see also Reynolds v. Johnson*, 628 F. App'x 497 (9th Cir. 2015) (rejecting retroactivity challenge to AWA and citing *Vartelas*). Patel refers to the analysis for retroactivity discussed in *Landgraf v. USI Film Products*, 511 U.S. 244 (1994), Dkt. No. 34 ¶¶ 33-34, but that general formulation is displaced by the more specific and on-point analysis in *Vartelas* and *Elk Shoulder*.

Patel's ex post facto contention is untenable under *Gebhardt*, which rejected an identical claim in virtually the same circumstances. Gebhardt challenged the denial of his petition to classify his alien spouse and her non-citizen children as family. *Gebhardt*, 879 F.3d at 983. Like Patel, plaintiff Gebhardt had been convicted of a crime where the underlying sex offense was a "lewd and lascivious act with a child under the age of fourteen." *Id*. As Patel urges here, Dkt. No. 34 ¶ 49, the circuit applied the two-step test for a violation of the Ex Post Facto Clause set out in *Smith v. Doe*, 538 U.S. 84 (2003). It first asked "whether Congress meant to establish a civil scheme -- rather than a punitive one -- when it enacted the law." *Gebhardt*, 879 F.3d at 986 (citing *Smith*, 538 U.S. at 92). After answering that question in the negative, it then considered whether the AWA was "so punitive either in purpose or effect as to negate [Congress'] intention to

deem it civil." *Id* (alteration in original) (quoting *Smith*, 538 U.S. at 92)). The panel concluded, after careful analysis, that the AWA did not violate the Ex Post Facto Clause. *Id.* at 987.

Patel offers no good reason for ignoring this determination, and says only that the "punitive effect is very clear in this case, and thus it is distinguished from the holding in *Gebhardt*." Dkt. No. 34 ¶ 48. That does not carry the day for him. The circuit expressly considered and rejected the argument that the AWA is unduly harsh. *Gebhardt*, 879 F.3d at 986-87. This rebuts Patel's suggestion that *Gebhardt* "was wrongly decided . . . because the opinion does not adequately address the punitive effect of the statute." Dkt. No. 38 at 5. The minor factual differences between *Gebhardt* and this case that Patel identifies are also of no material weight. *See id*. at 4.

The ex post facto and retroactivity counts are defective as a matter of law, and no further amendment could be curative. Consequently, these claims are dismissed with prejudice. *See Mujica v. AirScan Inc.*, 771 F.3d 580, 593 (9th Cir. 2014).

## III. THE EQUAL PROTECTION AND DUE PROCESS CLAIMS

Patel's effort to state four claims under the Fifth Amendment's Due Process Clause is unavailing. To start, he says that the AWA violates equal protection because it is an irrational means of protecting minors. Dkt. No. 34 ¶¶ 58-64. He then repeats his previously rejected argument that the law unconstitutionally burdens his right to marry under substantive due process. *Id.* ¶¶ 65-70. Patel contends next that the AWA violates N.P.'s right "to be able to reside with both of her parents." *Id.* ¶ 73. And as a final claim, Patel alleges that the AWA violates his procedural due process rights. *Id.* ¶¶ 77-87. USCIS moves to dismiss these claims for lack of subject matter jurisdiction under Rule 12(b)(1). Dkt. No. 35 at 6-15.

While "agency actions are generally reviewable under federal question jurisdiction, pursuant to 28 U.S.C. § 1331," a statute may deprive "the federal courts of jurisdiction to review the particular agency action at issue." *Spencer Enters., Inc. v. United States*, 345 F.3d 683, 687-88 (9th Cir. 2003). Two statutes may bar review of Patel's claims. *See Gebhardt*, 879 F.3d at 984-85. The first is the AWA, which puts no-risk determinations within the Secretary's "sole and unreviewable discretion." 8 U.S.C. § 1154(a)(1)(A)(viii)(I). The second is a more general

6

immigration provision that "no court shall have jurisdiction to review . . . any [] decision or action of . . . the Secretary of Homeland Security the authority for which is specified under this subchapter [8 U.S.C. §§ 1151-1382] to be in the discretion of . . . the Secretary of Homeland Security." *Id.* § 1252(a)(2)(B)(ii) (exception not applicable here). The AWA's grant of discretion to the Secretary is such a decision.

In the prior dismissal order, the Court concluded that "a broad grant of agency discretion does not necessarily manifest clear intent to preclude constitutional claims" and that the "AWA does not indicate that Congress meant to preclude judicial review of constitutional claims arising out of the Secretary's no-risk determinations." Dkt. No. 30 at 4-5. The Court also held that Section 1252(a)(2)(B)(ii) did not bar review of constitutional claims in this case. *Id.* at 5. Similarly, the circuit court in *Gebhardt* assumed "without deciding, that the Adam Walsh Act permits us to review colorable constitutional claims." 879 F.3d at 988 (citing *Bremer v. Johnson*, 834 F.3d 925, 932 (8th Cir. 2016)). "To be colorable in this context, the alleged violation need not be substantial, but the claim must have some possible validity." *Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001) (internal quotation and citation omitted).

Patel's claim that the AWA violates principles of equal protection is not colorable, and so the Court lacks jurisdiction to consider it. As Patel implicitly concedes, if the AWA is subject to any level of constitutional scrutiny, it is rational basis review. *See* Dkt. No. 34 ¶ 64 (concluding AWA "unconstitutionally distinguishes petitioners' equal protection rights on the basis of their criminal activity without a rational basis for doing so"). Accordingly, Patel must show that there is no rational basis for the AWA to treat people with convictions for sex offenses involving a minor differently in order to succeed on his equal protection claim.

This he cannot do. Rational basis review "considers whether the [governmental] policy is plausibly related to the Government's stated objective." *Trump v. Hawaii*, 138 S. Ct. 2392, 2420 (2018). As an initial matter, Patel repeatedly mischaracterizes the purpose of the AWA. *See, e.g.*, Dkt. No. 38 at 6-7. It is not just to protect minors, but to "protect the public from sex offenders *and* offenders against children." 34 U.S.C. § 20901 (emphasis added) (describing adult victims). Applied in this case, the law is "plausibly related to the Government's stated objective."

7

Patel's suggestion that the "fatal flaw in the statute is that the distinction unconstitutionally targets petitioners, rather than beneficiaries of the visa petition," Dkt. No. 34 ¶ 61, is not well taken. Assuming Patel were correct that the relevant distinction is between petitioners and beneficiaries with sexual offenses against children, he still has not shown that the line drawn by Congress is impermissibly irrational. *See Vance v. Bradley*, 440 U.S. 93, 108 (1979) ("Even if the classification involved here is to some extent both underinclusive and overinclusive, and hence the line drawn by Congress imperfect, it is nevertheless the rule that in a case like this perfection is by no means required." (internal quotation and citation omitted)); *see also McGowan v. Maryland*, 366 U.S. 420, 426 (1961) ("A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it."). USCIS argues that "Congress has a legitimate interest in protecting individuals from sexual abuse and exploitation, and the AWA is rationally related to achieving that interest because it serves to protect an alien from harm from a petitioner to whom the alien may be beholden if granted an immigrant visa." Dkt. No. 35 at 7. The Court is in agreement with our circuit's unpublished memorandum in *Solorio v. Sessions*, 712 F. App'x 663 (9th Cir. 2018), which held that this distinction "between citizen or LPR petitioners who have specified offenses and citizen or LPR petitioners who do not . . . passes rational basis review." 712 F. App'x at 664-65.

Patel's fourth cause of action, that the AWA violates his substantive due process rights "by imposing an undue burden on his fundamental right to marry, live with his spouse, and together parent their daughter," Dkt. No. 34 ¶ 66, is also not colorable. This claim was denied in the prior dismissal order. Dkt. No. 30 at 6-7. It was denied in *Gebhardt*. 879 F.3d at 988. It was denied by the other courts that have considered the issue. *See, e.g.*, *Bremer*, 834 F.3d at 932; *Bakran v. Sec'y, U.S. Dep't of Homeland Sec.*, 894 F.3d 557, 559 (3d Cir. 2018). Patel's thinly repackaged arguments meet the same fate here.

*Gebhardt* held the "right to 'preserve the integrity of [the] family' is not a colorable substantive due process claim." Dkt. No. 34 ¶ 67 (quoting *Gebhardt*, 879 F.3d at 988). The court concluded that claim, in this context, actually sought recognition of a "fundamental right to reside in the United States" with non-citizen relatives that falls before "Congress' plenary power over

8

immigration." *Gebhardt*, 879 F.3d at 988. Patel counters that "an I-130 visa petition does not implicate Congress' plenary powers," Dkt. No. 38 at 7, but our circuit has clearly held the opposite, *Gebhardt*, 879 F.3d at 988. *See also Kerry v. Din*, 135 S. Ct. 2128, 2135 (2015) (describing "long practice of regulating spousal immigration"). This claim is dismissed with prejudice.

Patel also asserts his daughter N.P.'s "constitutional right to be able to reside with and be raised by both of her parents, at least absent a good reason to the contrary." Dkt. No. 34 ¶ 72. But our circuit has rejected that the Constitution provides a right for families to be together in the United States. *Morales-Izquierdo v. Dep't of Homeland Sec.*, 600 F.3d 1076, 1091 (9th Cir. 2010), *overruled in part on other grounds by Garfias-Rodriquez v. Holder*, 702 F.3d 504 (9th Cir. 2012) (en banc). Patel's efforts to distinguish *Morales-Izquierdo* are unavailing because discretionary relief is a privilege created by Congress, so "denial of such relief cannot violate a substantive interest protected by the Due Process Clause." 600 F.3d at 1091 (citation omitted).

The final cause of action alleges that the AWA violates Patel's procedural due process rights by "imposing an undue burden on his (1) fundamental liberty right to live with his spouse and child and (2) property interest in the immediate relative status for his wife." Dkt. No. 34 ¶ 78. Patel argues that he is entitled to "a hearing, or at minimum an interview, before a neutral trier of fact and the opportunity to present testimony and witnesses" before his petition is denied. *Id.*

This theory was rejected in *Gebhardt*, which found that even "assuming that Plaintiff has a protected liberty interest, he received all process due to him." 879 F.3d at 988. Patel's asserted "property interest in the immediate relative status for his wife" does not change the calculus. The case Patel relies on, *Ching*, is inapposite. There, our circuit recognized that "a benefit is not a protected entitlement if government officials may grant or deny it in their discretion." *Ching*, 725 F.3d at 1155 (citation omitted). The AWA expressly places eligibility for certain I-130 petitions in the "sole and unreviewable discretion of the Secretary." *Ching* recognized a right to an I-130 petition that exists absent application of the AWA and, accordingly, the result in *Ching* does not control this case.

Patel did not establish a colorable claim for a constitutionally protected interest under any of the four remaining counts. Consequently, they are dismissed for lack of subject matter jurisdiction.

## CONCLUSION

The SAC is dismissed. While the Court has substantial doubt about the efficacy of another pleadings round, plaintiff will have one final opportunity and may file a third amended complaint by August 16, 2019. Failure to amend by this deadline will result in dismissal with prejudice under Rule 41(b). Patel may only amend the causes of action not dismissed with prejudice by this order. No new claims or parties may be added.

**IT IS SO ORDERED.**

Dated: August 2, 2019

JAMES DONATO
United States District Judge